UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| GARY DEBENEDETTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:10-CV-086-BG |
| DEPUTY GARCIA, | ) | ECF |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**I.   Procedural History**

Plaintiff Gary Debenedetto filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 on May 27, 2010, complaining of events that occurred during his incarceration at the Lubbock County Jail. On June 23, 2010, the District Court reassigned this case to the undersigned United States Magistrate Judge. On September 8, 2010, this court entered an order setting a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), for November 9, 2010. On November 8, 2010, Lubbock County officials informed the court that Plaintiff was no longer at their facility. Based on this information, the court entered an order vacating the hearing set for November 9, 2010. On November 15, 2010, the Order Vacating Hearing the Clerk mailed to Plaintiff's last known address was returned to the court as undeliverable. As of this date, Plaintiff has not informed the court of his new address.

**II.   Recommendation**

District courts have inherent authority under Rule 41(b) to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). The Magistrate Judge recommends

that the District Court dismiss Plaintiff's complaint for want of prosecution. The undersigned further recommends that the District Court dismiss Plaintiff's action without prejudice. *See Clofer*, 106 F.3d at 679 (acknowledging that a dismissal with prejudice for want of prosecution is reserved for cases involving egregious conduct).

**III.     Right to Object**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     December 22, 2010.

_____
NANCY M. KOENIG
United States Magistrate Judge